## THE DUBUQUE AND PACIFIC RAILROAD COMPANY v. CRITTENDEN.

Where commissioners are appointed by the sheriff, under section four of the act entitled "an act granting to railroad companies the right of way," approved January 18, 1853, to assess the damages occasioned by the appropriation of land for the use of a railroad corporation, and either party, within thirty days from the time the assessment is made, files in the office of the clerk of the district court of the county, his claim for an appeal from the assessment of damages, with a bond, with sureties, approved by the clerk, conditioned for the payment of whatever sum may be legally adjudged against him in the further progress of the cause, the appeal should not be dismissed, for the reason that it was not taken within thirty days from the time the assessment of damages was made.

*Appeal from Black Hawk County.*

TUESDAY, JANUARY 26, 1858.

On the 25th of May, 1857, on the application of the plaintiffs, the damages sustained by defendant, by the appropriation of his land for the use of the railroad company, were assessed by commissioners appointed by the sheriff, under the fourth section of the act of January 18, 1853. On the 23d of June thereafter, the defendant filed in the district court of the county, his claim for an appeal from the assessment of damages made by the commissioners, together with a bond, with sureties, approved by the clerk, conditioned for the payment of whatever sum should be legally adjudged against him in the further progress of the cause. Notice of the appeal was not served on the plaintiffs, until the 19th of August, 1857. At the September

The Dubuque and Pacific Railroad Company v. Crittenden.

term of the district court, the plaintiffs moved the court to dismiss the appeal, on the alleged ground that it was not taken within thirty days from the time the assessment was made.    The overruling of this motion by the district court, is the only error assigned.

*Smith, McKinlay & Poor*, and *Adams & Cram*, for the appellant.

*S. W. Rawson*, for the appellee.

STOCKTON, J.—The statute provides that either party may have the right to appeal from the assessment made by the commissioners, to the district court, within thirty days after the same is made.    But how the appeal is to be taken and perfected, is not pointed out.    In the absence of any prescribed mode by statute, we will not undertake to say, that the only mode is by notice to the opposite party, within thirty days.    Such notice would, perhaps, be competent for the purpose, and is, perhaps, indispensible to a trial anew in the district court.    But we do not see why the course adopted in the present instance, is not quite sufficient to give the district court jurisdiction of the cause on appeal ; nor why the same should be dismissed, because notice thereof was not given to the plaintiffs within the thirty days limited by the act.

As the statute has not laid down a definite mode of taking the appeal, this court will not undertake to establish an absolute rule for every case.    Each case must be governed, in some measure, by its own circumstances.    We think a recognizance in the form prescribed by the statute, in case of an appeal from the judgment of a justice of the peace, and filed either with the sheriff, or in the district court, is sufficient for the ordinary purposes of justice. We think the defendant, in this instance, has done all that could in reason be required of him, to entitle him to have his damages assessed by a jury in the district court.    The

notice to the plaintiffs, within the thirty days, was not the only legitimate method of taking the appeal.

.                                    Judgment affirmed.